## WARD v. GEO. H. KENT & SONS, Inc.*
### No. 17063.

Court of Appeal of Louisiana. Orleans.
March 13, 1939.

Jewell A. Sperling, of New Orleans, for appellant.

Denegre, Leovy & Chaffe and Lloyd A. Ray, all of New Orleans, for appellee.

WESTERFIELD, Judge.

This is an appeal by an injured employee whose claim for compensation was dismissed by the judgment of the trial court. Plaintiff, Charlie Ward, a negro longshoreman, was injured on September 9th, 1937, when he was struck on the left leg by a large iron bucket containing scrap iron. His employer, Geo. H. Kent & Sons, Inc., made defendant herein, paid Ward compensation from September 10, 1937, to December 15, 1937, at the rate of $20 per week or a total of $280, and acknowledged that there was a further sum of $20 due him by depositing the same in the Registry of the Court after this suit was filed. It denied that any further amount was due. This suit is for four hundred weeks' compensation less the amount previously received. The sole question involved is whether or not Ward had recovered from his injury by December 20th, 1937, as contended by defendant, or whether his disability continued for a much longer period, perhaps permanently, as contended by plaintiff. The determination of this issue must necessarily rest upon the medical testimony in the record.

*Rehearing denied March 27, 1939.

Four physicians testified, Dr. Geo. H. Tichenor on behalf of the plaintiff and Drs. Ralph J. Christman, W. P. Bradburn and Fred L. Fenno, on behalf of defendant. Dr. Tichenor said: "I found that he suffered from a basic incurable trophic condition, arterio-sclerosis, upon which was super-added the morbid vaso-motor and trophic changes of incurable progressive muscular atrophy, due to an injury which was producing those traumatic changes." He regards Ward's condition as disabling and believes that he will grow progressively worse. On the other hand, Drs. Christman and Bradburn maintain that the plaintiff had completely recovered at the time his compensation was discontinued and was then and is now able to return to work. The opinion of these two doctors is said to be colored because of the fact that they are in the employ of an insurance company which has underwritten defendant's liability. However, by agreement of counsel, Dr. Fred L. Fenno, now deceased, was agreed upon as an expert. He corroborated Drs. Christman and Bradburn and specifically stated that in his opinion Dr. Tichenor was mistaken in his belief that the plaintiff was permanently disabled. In one part of his testimony he says: "Those nerves which Dr. Tichenor described to you and the Court provided a sort of net work for small nerve filaments throughout the tissues and skin and where they are destroyed by a blow they are rapidly repaired, the same as capillary blood vessel and what you have been led to believe is, this man has received an injury to an important nerve center, when there is none there and it is impossible for a serious nerve injury to take place. You heard that the man had possibly a sciatic nerve injury, which is impossible, because it comes on the anterior of the leg instead of the posterior and a blow on the side could not hurt that nerve and the nerve which could be hurt Dr. Tichenor said was along the femoral artery which in a man of his size is two inches deep in the flesh and it could not be palpated to feel any plaques as he said he did."

It is evident that the medical testimony clearly preponderates in favor of the defendant. The judgment of the trial court dismissing plaintiff's suit must be affirmed.

For the reasons assigned the judgment appealed from is affirmed.

Affirmed.